Wesley H. Avery, Esq. CLS-B (SBN 155724)
Lucy A. Mavyan (SBN 260811)
**LAW OFFICES OF WESLEY H. AVERY, APC**
758 E. Colorado Blvd. Ste. 210
Pasadena, CA 91101-2105
(626) 395-7576 (office)
(661) 430-5467 (fax)
wavery@thebankruptcylawcenter.com

Attorneys for Plaintiff David M. Goodrich, chapter 7 trustee

*Fortis est veritas*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>REINA ISABEL CERROS, an individual,<br><br>Debtor.<br><br>SSN # xxx-xx-9238<br><br>DAVID M. GOODRICH, Chapter 7 Trustee of REINA ISABEL CERROS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARIA CERROS, an individual; and Does 1-20,<br><br>Defendants. | Case No. 2:19-bk-17598-BR<br>Chapter 7<br>Adv. No.<br><br>**TRUSTEE'S COMPLAINT: (1/6) FOR AVOIDANCE OF TRANSFER; (7) FOR RECOVERY OF AVOIDED TRANSFER; (8) FOR TURNOVER, (9) FOR INJUNCTION AND (10) TO SELL REAL PROPERTY IN WHICH A NON-DEBTOR HAS AN INTEREST [11 U.S.C. §§ 105(a), 363(h), 542, 544, 548 and 550, AND Cal. Civ. Code §§ 3439.04, 3439.05 and/or 3439.07-09]**<br><br>Date: [To be set]<br>Time: [To be set]<br>Place: U.S. Courthouse<br>Courtroom 1668<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, DEFENDANT MARIA CERROS AND OTHER PARTIES IN INTEREST:**

**P**laintiff David M. Goodrich ("Goodrich"), the duly appointed and acting chapter 7 trustee (the "Trustee" or "Plaintiff'), for the bankruptcy estate (the "Estate") of Reina Isabel Cerros, an individual (the "Debtor") in Case No. 2:19-bk-17598-BR (the "Bankruptcy Case"), hereby complains of the above-captioned defendants (collectively, the "Defendants") as follows.

# PARTIES

1. Plaintiff is the duly appointed and acting chapter trustee of the Debtor in the Bankruptcy Case. The Debtor commenced the Bankruptcy Case by filing a chapter 7 voluntary petition (the "Petition"), Schedules (the "Schedules") and Statement of Affairs (the "Statement of Affairs") on June 28, 2019 (the "Petition Date"). Goodrich was subsequently appointed as the Trustee.

2. Defendant Maria Cerros, an individual is the Defendant (the "Defendant" or "Mother") of the Debtor and resides at 296 E. Heath Lane, Long Beach CA 90805 (the "SFR"). The Defendant is an insider of the Debtor.

## THE REAL PROPERTY THAT IS THE SUBJECT OF THIS ADVERSARY PROCEEDING

3. The SFR is located in the Central District of California and bears Los Angeles County assessor's parcel number 7303-017-013. The SFR is assessed as an improvement of 1,633ϕ built in 1939 on a 5,686ϕ parcel. The correct legal description of the SFR (the "Legal Description") is as follows:

> LOT 42 OF TRACT NO. 12075 IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 222, PAGES 46 TO 48 INCLUSIVE MAPS IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, STATE OF CALIFORNIA.

4. As of January 13, 2015, the Debtor owned the SFR in Fee Simple with the Defendant as joint tenants.

5. A deed of trust recorded on or about January 23, 2015 in Los Angeles County as document # 15-0037672 (the "First Mortgage") in which the trustor is the Debtor and the Defendant, and the beneficiary is ONY GLO Inc., a California corporation dba OGI Mortgage Bankers ("OGI"), secures a promissory note (the "First Promissory Note") in the amount of $189,000. The First Promissory Note and the First Mortgage were assigned to "Mr. Cooper" at an unknown date. The monthly statements on the First Mortgage are addressed to the Debtor, not to the Defendant. According to Schedule D, as of the Petition Date there was a $152,399 balance on the First Mortgage. According to a mortgage statement from Mr. Cooper, as of July 16, 2019 there was a $149,238.82 balance on the First Mortgage.

6. At the Debtor's Meeting of Creditors (the "MOC") on July 29, 2019, the Debtor testified that she was only on title to the SFR because her mother needed the Debtor's credit to get the First Mortgage from OGI.

7. By a grant deed recorded on or about November 13, 2017 (the "Transfer Date") in Los Angeles County as document # 2017-1300712 (the "Grant Deed"), the Debtor's joint tenancy interest in the SFR (the "SFR Joint Tenancy Interest") was transferred (the "Transfer") to the Defendant for no consideration. A true and correct copy of the Grant Deed is attached hereto and incorporated herein as **Exhibit 1**. The Grant Deed has an incorrect Legal Description. Id.

## JURISDICTION

8. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (2) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(a) and § 157(b)(2)(A), (E), (H), (M), (N) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant adversary proceeding is related to the Bankruptcy Case which is a case under Title 11 of the U.S. Code.

## GENERAL ALLEGATIONS

9. The Debtor and her Defendant lived at the SFR as of the Petition Date.

10. The approximate fair market value of the SFR as of the Petition Date was $505,000.

11. The Transfer is not listed in the Statement of Affairs.

12. The Transfer is disclosed in the Amended Statement of Affairs filed on September 8, 2019.

13. The following scheduled, non-contingent, undisputed, liquidated unsecured claims existed as of the Transfer Date (collectively, the "Unsecured Claims") held by the following claimants (collectively, the "Claimants"):

    a. Costco Go Anywhere Citicard;

    b. US Bank.

14. The SFR constitutes all or substantially all of the Debtor's non-exempt assets.

15. The SFR had valuable equity for the benefit of the Debtor's creditors as of the date of the Transfer and as of the Petition Date.

16. The Debtor was insolvent when the Transfer was made or became insolvent as a result of the Transfer.

17. The Debtor retained possession of the SFR after the Transfer.

18. The Claimants are unsecured creditors of the Estate that hold the allowable Unsecured Claims under 11 U.S.C. § ("Section") 502 that were also creditors of the Debtor at the time of the Transfer which are voidable under the California Uniform Fraudulent Transfer Act.

19. The instant complaint (the "Complaint") initiates an adversary proceeding (the "Adversary Proceeding") by which the Trustee seeks to recover the Transfer or the value thereof as (i) a fraudulent conveyance, (ii) equitable relief, (iii) to obtain compensatory and punitive damages; and (iv) an award of attorney fees for the benefit of the Estate, from the Defendant, pursuant to Sections 105(a), 363(h), 542, 544(b), 548 and 550, and Cal. Civ. Code §§ 3439.04, 3439.05 and/or 3439.07-09.

20. Plaintiff is ignorant of the true names and capacities of defendants named herein as DOES 1-20, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to state their true names and capacities when ascertained, together with appropriate charging allegations. Plaintiff is informed and believes, and therefore alleges, that each of these fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that the damages as herein alleged were proximately caused by such defendants.

**FIRST CLAIM FOR RELIEF**

**[Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(A)]**

21. Plaintiff refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth at length herein.

22. Within two years prior to the Petition Date, the Debtor made the Transfer with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that such Transfer was made or such obligation was incurred, indebted without receiving a

reasonably equivalent value in exchange.

23. Therefore, the Transfer is avoidable under Section 548(a)(1)(A).

### SECOND CLAIM FOR RELIEF

**[Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(I)]**

24. Plaintiff refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth at length herein.

25. Within two years prior to the Petition Date, the Debtor made the Transfer without receiving a reasonably equivalent value in exchange.

26. The Debtor was insolvent on the date that the Transfer was made or became insolvent as a result of such transfer.

27. Therefore, the Transfer is avoidable under Section 548(a)(1)(B)(i) and (ii)(I).

### THIRD CLAIM FOR RELIEF

**[Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(III)]**

28. Plaintiff refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth at length herein.

29. Within two years prior to the Petition Date, the Debtor made the Transfer without receiving a reasonably equivalent value in exchange for such Transfer.

30. The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

31. Therefore, the Transfer is avoidable under Section 548(a)(1)(B)(i) and (ii)(III).

### FOURTH CLAIM FOR RELIEF

**[Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.05 and 3439.07-09]**

32. Plaintiff refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth at length herein.

33. Within four years prior to the Petition Date, the Debtor made the Transfer without receiving a reasonably equivalent value in exchange for such transfer.

34. The Debtor was insolvent on the date that the Transfer was made or became insolvent

as a result of such Transfer.

35. The Defendant did not take the SFR Joint Tenancy Interest in good faith and for a reasonably equivalent value, and took the SFR Joint Tenancy Interest with knowledge of the voidability of such transfer.

36. The Transfer is avoidable under Section 544(b) and Cal. Civ. Code §§ 3439.05 and 3439.07-09.

## FIFTH CLAIM FOR RELIEF

**[Avoidance of Constructive Fraudulent Transfer Under 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a)(2)(B) and 3439.07-09]**

37. Plaintiff refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth at length herein.

38. Within four years prior to the Petition Date, the Debtor made the Transfer without receiving a reasonably equivalent value in exchange for such transfer.

39. The Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as they became due.

40. The Defendant did not take the SFR Joint Tenancy Interest in good faith and for a reasonably equivalent value, and took the SFR Joint Tenancy Interest with knowledge of the voidability of such transfer.

41. The Transfer is avoidable under Section 544(b) and Cal. Civ. Code §§ 3439.04(a)(2)(B) and 3439.07-09.

## SIXTH CLAIM FOR RELIEF

**[Avoidance of Actual Fraudulent Transfer under 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07-09]**

42. Plaintiff refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth at length herein.

43. Within four years prior to the Petition Date, the Debtor made the Transfer with the actual intent to hinder, delay or defraud any creditor of the Debtor.

44. The Defendant did not take the SFR Joint Tenancy Interest in good faith and for a reasonably equivalent value, and took the SFR Joint Tenancy Interest with knowledge of the

COMPLAINT (SECTION 548)

6

Case 2:19-bk-17598-BR    Doc 27    Filed 09/26/19    Entered 09/26/19 13:57:46    Desc
Main Document    Page 6 of 16

voidability of such transfer.

45. The Transfer is avoidable under Section 544(b) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07-09.

## SEVENTH CLAIM FOR RELIEF

**[Recovery of Avoided Transfer or Value Thereof and Assignment to the Trustee under 11 U.S.C. §§ 550 and 551]**

46. Plaintiff refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth at length herein.

47. The Trustee is entitled to avoid the Transfer under Sections 544, recover the Transfer for the benefit of the Estate under Section 550 and preserve the avoided Transfer for the benefit of the Estate under Section 551.

48. The Trustee is entitled to a judgment that decrees that the Trustee holds all right, title and interest in the SFR Joint Tenancy Interest.

## EIGHTH CLAIM FOR RELIEF

**[Turnover - 11 U.S.C. § 542]**

49. Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth at length herein.

50. The SFR is property of the Estate that the Trustee may use, sell or lease under Section 363, and relate to the Debtor's financial affairs.

51. Plaintiff is entitled to turnover of the SFR, and its books and records, pursuant to Section 542(a) and (e).

## NINTH CLAIM FOR RELIEF

**[Injunction - 11 U.S.C. § 105(a)]**

52. Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth at length herein.

53. "The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Weinberger v. Romero-Barcelo, 456 US 305, 312, 102 S.Ct. 1798, 1803 (1982). See also Stanley v. Univ. of So. Cal., 13 F3d 1313, 1320 (9th Circ.

1994).

54. Plaintiff will be irreparably harmed if the Defendant is not enjoined from: (i) recording liens against the SFR, (ii) committing acts of waste involving the SFR; or (iii) interfering with the Trustee's operation or sale of the SFR. Plaintiff has no adequate legal remedy to prevent the Defendants aforementioned harmful conduct.

55. Plaintiff is therefore entitled to injunctive relief which enjoins the Defendant from: (i) recording liens against the SFR, (ii) committing acts of waste involving the SFR; or (iii) interfering with the Trustee's operation or sale of the SFR.

## TENTH CLAIM FOR RELIEF

**[SALE OF PROPERTY IN WHICH A NON-DEBTOR ASSERTS AN INTEREST - 11 U.S.C. § 363(h)]**

56. Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth at length herein.

57. Pursuant to Section 363(h), the Trustee seeks to sell the SFR free and clear of any interests of the Defendant and recover the value of the Estate's interest in the SFR.

58. The Trustee alleges that the partition of the SFR is impracticable.

59. The Trustee alleges that the sale of the undivided interest in the SFR would result in significantly less than a sale of the SFR free of any interest of the Defendants.

60. The Trustee alleges that the benefit to the Estate of the sale of the SFR outweighs the detriment to the Defendant.

61. The Trustee alleges that the SFR is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

62. By reason of the foregoing, the Plaintiff is entitled to sell the SFR free and clear of any interest of the Defendants pursuant to Section 363(h).

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

A. On the first through sixth claims for relief, that the Transfer be avoided for the benefit of the Estate;

B. On the seventh claim for relief, that the SFR Joint Tenancy Interest be recovered by,

1 | and assigned to, the Estate;

2 |     C.    On the eighth claim for relief, for turnover of the SFR and its books and records;

3 |     D.    On the ninth claim for relief, for injunctive relief which enjoins the Defendant from:

4 | (i) recording liens against the SFR, (ii) committing acts of waste involving the SFR; (iii) interfering

5 | with the Trustee's operation or sale of the SFR; and/or (iv) foreclosing on the SFR;

6 |     E.    On the tenth claim for relief, for a judgment that the Trustee may sell the SFR free

7 | and clear of any interests of the Defendant

8 |     F.    On all causes of action, for pre-judgment interest, attorney fees and all other

9 | consequential and punitive damages as may be awarded by the Court; and

10 |     G.    Such other and further relief as this Court deems just and proper.

DATED: September 26, 2019

**LAW OFFICES OF WESLEY H. AVERY, APC**

By: *[signature: Wesley H. Avery]*

Wesley H. Avery
Lucy A. Mavyan
Attorneys for Plaintiff David M. Goodrich,
Chapter 7 Bankruptcy Trustee

# EXHIBIT 1

**This page is part of your document - DO NOT DISCARD**

# 20171300712



Pages:
0002

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**11/13/17 AT 01:15PM**

| | |
|---|---:|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 22.00 |

**LEADSHEET**

201711133260026

00014496409

008721326

SEQ:
01

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

*E269820*

RECORDING REQUESTED BY:
MARIA CERROS

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

MARIA CERROS
296 EAST HEATH LANE
LONG BEACH, CA 90805

Order No.:
Escrow No.:
APN: 7303-017-013

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S): DOCUMENTARY TRANSFER TAX IS $ 00 NONE
___ Computed on full value of property conveyed, or
___ Computed on full value less liens and encumbrances remaining at time of sale.
___ Unincorporated area  _x_ City of LONG BEACH
This conveyance confirms a change of name and the grantor and grantee are the same party, R&T 11911

For valuable consideration, receipt of which is hereby acknowledged,
MARIA CERROS, A WIDOW AND REINA CERROS, A SINGLE WOMAN AS JOINT TENANTS
hereby REMISE(S), RELEASE(S) AND FOREVER QUITCLAIM(S) to
MARIA CERROS A WIDOW
the real property situated in the City of LONG BEACH, County of LOS ANGELES, State of California, described as:

LOT 42 OF TRACT NO. 12075 IN THE CITY OF LONG BEACH COUNTY OF LOS AGELES STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 222, PAGES 46 TO 48 INCLUSIVE MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

Dated: 11/10/2017

MARIA CERROS

REINA CERROS

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA      )
COUNTY OF Los Angeles    ) SS.
                         )

On 11/10/2017 before me, LETICIA ROCIO DIAZ, Notary Public, personally appeared MARIA CERROS AND REINA CERROS,
who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Leticia Rocio Diaz_

LETICIA ROCIO DIAZ
Commission # 2120286
Notary Public - California
Los Angeles County
My Comm. Expires Jul 20, 2019

MAIL TAX STATEMENTS AS DIRECTED ABOVE

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| David M. Goodrich, as chapter 7 trustee of Reina Isabel Cerros | Maria Cerros |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Wesley H. Avery, Esq. CLS-B SBN 155724 Law Offices of Wesley H. Avery, APC // Phone: (626)395-7576 758 E. Colorado Blvd., Suite 210, Pasadena, CA 91101 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☒ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☒ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to avoid transfer [ 11 U.S.C. §§ 105(a), 363(h), 542, 544, 548 and 550, AND Cal. Civ. Code §§ 3439.04, 3439.05 and/or 3439.07-09]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[2] 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Reina Isabel Cerros | | BANKRUPTCY CASE NO.<br>2:19-bk-17598-BR |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | | DIVISION OFFICE<br>Los Angeles | | NAME OF JUDGE<br>Barry Russell |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF<br>David M. Goodrich,<br>as chapter 7 trustee of Reina Isabel Cerros | DEFENDANT<br>Reina Isabel Cerros || ADVERSARY PROCEEDING NO.<br>tbd ||
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central District of California || DIVISION OFFICE<br>Los Angeles || NAME OF JUDGE<br>Barry Russell |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Wesley H. Avery*<br>Wesley H. Avery, Esq. CLS-B SBN 155724 |||||
| DATE<br>September 26, 2019 |||PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Wesley H. Avery, Esq. CLS-B SBN 155724||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Wesley H. Avery, Esq. CLS-B SBN 155724<br>Law Offices of Wesley H. Avery, APC<br>758 E. Colorado Blvd., Suite 210<br>Pasadena, California 91101<br>Telephone:  (626) 395-7576<br>Fax No:      (661) 430-5467<br>wavery@thebankruptcylawcenter.com<br><br>*Attorney for Plaintiff* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

</div>

| In re:<br><br>Reina Isabel Cerros<br><br><div align="right">Debtor(s).</div> | CASE NO.: 2:19-bk-17598-BR<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| David M. Goodrich,<br>chapter 7 trustee of Reina Isabel Cerros,<br><br><div align="right">Plaintiff(s)</div><br>Versus<br><br>Maria Cerros, an individual; and Does 1-20,<br><br><div align="right">Defendant(s)</div> | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____    **Address:**
**Time:** _____    ☒ 255 East Temple Street, Los Angeles, CA 90012
**Courtroom:** 1668    ☐ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                    **KATHLEEN J. CAMPBELL**
                    **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                    By: _____
                            Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 7004-1.SUMMONS.ADV.PROC**